EDWARDS, Judge.
Bobby M. Brown, plaintiff, appeals a trial court judgment dismissing his claim for workmen’s compensation and casting him for all costs including $125 in expert witness fees.
We have carefully read the record and transcript of testimony herein and are convinced that the reasons assigned by the trial court, a copy of which is attached, correctly dispose of all issues of both fact and law presented by this case.
For the foregoing reasons, the trial court judgment is affirmed. All costs of this appeal are to be paid by Bobby M. Brown.
AFFIRMED.
REASONS FOR JUDGMENT
This is a workmen’s compensation case arising under the provision of La.R.S. 23:1221, as amended by Act 583 of 1975, relative to disabilities.
Plaintiff, Bobby M. Brown, was injured while working for the City of Baton Rouge as a policeman. On October 30,1977, plaintiff was walking a ‘beat’ on Highland Road and as he stepped from the curb of Highland Road and Taft Street he slipped causing him to pull his body upward so he would not fall. This sudden movement caused him to pull a muscle in his lower back.
On November 3, 1977, plaintiff was examined by Dr. J. Louis Tonore, Jr., general practitioner, who found tenderness in the lumbo-sacral area. Medication was prescribed. Subsequently on November 7,1977 plaintiff was referred to Dr. James Poche, a neurosurgeon.
Dr. Poche testified he examined plaintiff on November 7, 1977, at which time plaintiff was complaining of low back pains. Dr. Poche noted that plaintiff revealed some loss of the lordotic curve, displayed a limp in the right leg and the sensory testing revealed a subjective decrease to pin on the dorsum of the great toe on the right side. Dr. Poche’s impression was that plaintiff had a herniated lumbar disc.
Plaintiff was treated conservative until February 21, 1978, when a lumbar myelo-gram revealed a herniated disc at L4-L5 level. Subsequently on February 23, 1978 *347 the laminectomy was performed by Dr. Poche and the plaintiff discharged from the hospital on March 2, 1978.
Dr. Poche testified he examined the plaintiff on the following dates:
(1) May, 1978 — Complaining of stomach, back and leg pain.
(2) June, 1978 — Complaining that he can’t rest.
(3) July, 1978 — Back ache but no leg pain. Plaintiff told Dr. Poche there was no way he was going to return to work.
(4) September, 1978 — Same back pain. Dr. Poche recommended light duty.
Dr. Poche testified that it was his opinion that plaintiff could return to full duty.
On November 18, 1978, plaintiff was involved in an automobile accident from which he suffered injuries to his left shoulder, neck and back. His family physician, James T. Bernard, referred plaintiff to Dr. L. J. Messina, orthopedic surgeon, who examined plaintiff on November 30,1978, December 4, 1978 and January 10, 1979. According to Dr. Messina the plaintiff’s complaints were not evident by muscle spasm and further that plaintiff was responding inappropriately to the examinations. Dr. Messina was of the opinion that plaintiff could return to work. (Exhibit D-l)
Dr. Richard L. Bolton, orthopedic surgeon, testified by deposition that he examined the plaintiff once for evaluation and was of the opinion that he would be disabled for his occupation as a policeman. (Exhibit P-1, page 8). Dr. Bolton mentioned that one examination performed was inconsistent, that being the plaintiff performed the heel walking and toe walking, but when one pressed against plaintiff’s foot, it would give away with very slight resistance. (Exhibit P-1, page 9).
Plaintiff testified that he still experiences back pain in the lower back and is unable to return to his occupation as a policeman. He stated he sought employment with the State Police and Probation Office, however to date, he has not been employed. Plaintiff admitted that he occasionally rides his bicycle to a local convenient store and does do certain yard work at his home. Sgt. R. J. Roussell, Baton Rouge City Police, verified plaintiff’s yard work in that Sgt. Rous-sell testified he saw plaintiff with a wheel barrow and shovel spreading dirt at plaintiff’s house.
Dr. Bernard’s medical report (Exhibit P-4) reveals that prescriptions are still being issued to plaintiff, even though Dr. Bernard states he is unable to account for the persistent pain the plaintiff allegedly has.
Our jurisprudence is settled to the effect that in workmen’s compensation cases, as in other civil matters, plaintiff must establish his claim for benefits by a preponderance of evidence. By preponderance of evidence is meant that the evidence, as a whole, must establish it to be more probable than not that plaintiff suffers disability.
Considering the medical testimony of Dr. Poche and Dr. Messina, two treating physicians, both were of the opinion that plaintiff could return to work. Dr. Bolton examined plaintiff once for evaluation. Dr. Bernard gives no opinion as to disability, only that he can not account for plaintiff’s pains, however, he believes plaintiff to be a sincere man. Our jurisprudence provides that the testimony of physicians who examines and treats a party is entitled to greater weight than that of a physician who only examines a party at a later date. Knighten v. American Amusement Co., 272 So.2d 60 (La.App. 4th Cir. 1973).
The Court does not find that plaintiff has carried his burden of proof, therefore, plaintiff’s case will be dismissed at his cost.
The expert witness fee of Dr. Poche is fixed at $125.00.
Judgment will be signed accordingly.
May 13, 1980.
/s/ William H. Brown
William H. Brown Judge Division “I”